IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICKY FACKRELL,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-00712-TC<br><br>District Judge Tena Campbell |

      Petitioner Ricky Fackrell has filed an Amended Motion to Vacate his conviction and correct his sentence under 28 U.S.C. § 2255. ECF No. 9.[1] He has supported this motion with a Supplemental Brief, ECF No. 17, and a Reply in support of his brief, ECF No. 19. The United States has filed a Response to Mr. Fackrell's 2016 § 2255 motion, ECF No. 4, and a Response to his supplemental brief in support of his amended § 2255 motion, ECF No. 18. It has also filed a Notice of Supplemental Authority, ECF No. 20, to which Mr. Fackrell responded, ECF No. 21. For the following reasons, the court DENIES Mr. Fackrell's Amended Motion, ECF No. 9,

---

[1] The motion being amended by ECF No. 9—Mr. Fackrell's 2016 §2255 motion, ECF No. 1—is not Mr. Fackrell's first § 2255 motion. On January 18, 2006, Mr. Fackrell filed a pro se § 2255 motion. ECF No. 1 in <u>Fackrell v. United States</u>, 2:06-cv-00055-TC. It was denied on February 7, 2006. ECF No. 2 in <u>id.</u> On June 2, 2016, Mr. Fackrell asked the Tenth Circuit to authorize a successive § 2255 motion. <u>See</u> Pet., <u>In re: Fackrell</u>, No. 16-4101 (10th Cir. June 2, 2016). He filed that § 2255 petition on June 24, 2016. ECF No. 1 in <u>Fackrell v. United States</u>, 2:16-cv-00712-TC. On December 6, 2019, the Tenth Circuit granted Mr. Fackrell authorization to file a second or successive § 2255 motion in district court challenging his § 924(c) conviction. <u>See</u> Order, <u>In re: Fackrell</u>, No. 16-4101 (10th Cir. Dec. 6, 2019). On December 12, 2019, this court ordered the United States to respond to Mr. Fackrell's 2016 Motion. ECF No. 3 in <u>Fackrell v. United States</u>, 2:16-cv-00712-TC. The United States did so on December 19, 2019. ECF No. 4 in <u>id.</u> In reply—and following the court's order to respond to the United States' Response, ECF No. 5 in <u>id.</u>—Mr. Fackrell asked for and received a stay pending a decision in <u>United States v. Toki</u>, 822 F. App'x. 848 (10th Cir. 2020), <u>see</u> ECF No. 7 in <u>Fackrell v. United States</u>, 2:16-cv-00712-TC (requesting stay on January 17, 2020); ECF No. 8 in <u>Fackrell v. United States</u>, 2:16-cv-00712-TC (granting stay on January 21, 2020). While the case was stayed, Mr. Fackrell filed his Amended § 2255 Motion. ECF No. 9 in 8 in <u>Fackrell v. United States</u>, 2:16-cv-00712-TC. Following the court's lifting of the stay, the parties were ordered to brief the issues in this case. ECF No. 15 in <u>id.</u>

DENIES his request for a hearing on the matter, ECF No. 21, and DENIES a certificate of appealability.

## BACKGROUND

In 2005, Mr. Fackrell pled guilty to one count of Hobbs Act Robbery, 18 U.S.C. § 1951(a), and one count of brandishing a firearm during that robbery, 18 U.S.C. § 924(c). ECF No. 22 in United States v. Fackrell, No. 2:04-cr-00816-TC. He was sentenced to 125 months incarceration followed by 60 months' supervised release. ECF Nos. 29 & 34 in id.

Here, the court considers Mr. Fackrell's pending § 2255 motion. This Amended § 2255 motion was filed on June 24, 2020, ECF No. 9 in Fackrell v. United States, 2:16-cv-00712-TC.[2] Both parties have since briefed the matter. ECF Nos. 17–21.

## ANALYSIS

As Mr. Fackrell notes, the central question for the court to consider in evaluating his petition is whether Hobbes Act robbery is categorically a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A). ECF No. 17 at 2. The Tenth Circuit recently answered this question in United States v. Baker, No. 20-3062, 2022 WL 3371011 (10th Cir. Aug. 16, 2022). There it reiterated that, yes, Hobbes Act robbery is categorically a crime of violence under the elements clause. Id. at *5–8.[3]

In Melgar-Cabrera the Tenth Circuit "employ[ed] the categorical approach" to "conclu[de] that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)." See 892 F.3d at 1060 n.4, 1061. In Baker, the Tenth Circuit affirmed this

---

[2] This citation, and all subsequent citations to court documents in this Order cite to documents from the current case: Fackrell v. United States, 2:16-cv-00712-TC.

[3] "[C]ourts and litigants alike refer synonymously to the language of § 924(c)(3)(A) as either the 'elements or force clause.'" Baker, 2022 WL 3371011, at *1 n.2 (citing United States v. Melgar-Cabrera, 892 F.3d 1053, 1060 (10th Cir. 2018)); see id., at *6 (using "elements clause"); ECF No. 17 at 2 (using "force clause").

2

conclusion, observing that it had "concluded in Melgar-Cabrera that Hobbs Act robbery is *categorically* a crime of violence." 2022 WL 3371011 at *6 (citing Melgar-Cabrera, 892 F.3d at 1061). It elaborated that it was important that it "reached this crime-of-violence determination under a categorical approach . . . because it means that, in effect, we concluded that every act— including the least of the acts—criminalized by Hobbs Act robbery constitutes a crime a violence." Id. The Tenth Circuit went on to clarify that "[i]n our subsequent published decisions, we have left no doubt regarding the categorical scope of our holding in Melgar-Cabrera." Id.; see also United States v. Jefferson (Jefferson II), 989 F.3d 1173, 1175 n.1 (10th Cir. 2021) cert. denied, 142 S. Ct. 353 (2021) (reiterating Melgar-Cabrera's holding that Hobbes Act robbery is categorically a crime of violence under § 924(c)(3)(A)).

The Tenth Circuit's analysis in Baker underscores the categorical scope of the Melgar-Cabrera holding and answers the central question raised by Mr. Fackrell's petition.[4] The court is persuaded that Mr. Fackrell's motion has been foreclosed by the Tenth Circuit's conclusion that Hobbes Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A).

## CONCLUSION

Finding no valid ground for Mr. Fackrell to collaterally attack his sentence, **IT IS ORDERED** that Mr. Fackrell's 28 U.S.C. § 2255 petition is DENIED. His request for a hearing on these issues, see ECF No. 21, is also DENIED. Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court also DENIES a certificate of appealability. Mr. Fackrell has

---

[4] While the parties briefed other issues, including the issue of whether Mr. Fackrell is procedurally barred from bringing his claim, see ECF No. 18 at 2; ECF 19 at 3–4, the Tenth Circuit's clear language in Baker and elsewhere allows the court to resolve Mr. Fackrell's motion based on the central question of whether Hobbes Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A), see, e.g., Baker, 2022 WL 3371011, at *6–8; Jefferson II, 989 F.3d at 1175 n.1.

failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 6th day of September, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge